```
ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Plaintiff

By:  PHIL CHA, ESQUIRE
     KERRI E. CHEWNING, ESQUIRE
     CHARLES J. DENNEN, ESQUIRE
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LUKOIL NORTH AMERICA LLC,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>W AND SONS FUEL INC.; WAZIR GREWAL,<br><br>　　　　　　　　Defendants. | Docket No.:<br><br>Civil Action |

**COMPLAINT**

Plaintiff, LUKOIL North America LLC ("LUKOIL"), by way of Complaint against Defendants, W and Sons Fuel Inc. ("W and Sons") and Wazir Grewal (collectively, "Defendants"), alleges as follows:

1.   This is an action for trademark infringement and unfair competition under federal and state law, for a declaration of the rights of the parties pursuant to the Federal Petroleum Marketing Practices Act, for an injunction to prohibit

continued trademark infringement and for the removal and cessation of use of all property of LUKOIL at Defendants' property, for damages from breach of contract and for related relief including collection on personal guarantees, all in connection with LUKOIL's termination of the franchise relationship with W and Sons.

## THE PARTIES

2. LUKOIL is a corporation licensed to do business in the State of New Jersey and existing under the laws of the State of Delaware with its principal place of business at 505 Fifth Avenue, New York, New York. LUKOIL is engaged in the marketing and distribution of motor fuel in the State of New Jersey and elsewhere in the United States. Among its activities, LUKOIL sells gasoline and other motor fuel products to service station dealers and other businesses that sell its products.

3. Defendant, W and Sons is a New Jersey corporation, with a principal place of business of 391 Route 9, Englishtown, New Jersey. At all times relevant to this action, W and Sons was a LUKOIL-branded distributor and purchased and sold LUKOIL-branded motor fuels to retail consumers under LUKOIL's trade name and trademarks.

4. Defendant, Wazir Grewal, is a resident of New Jersey, residing in Manalapan, New Jersey. Upon information and belief, Wazir Grewal entered into a Key Individual Guaranty,

guaranteeing W and Sons' payment and performance obligations as a LUKOIL-branded distributor and purchaser of LUKOIL-branded motor fuels.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under Sections 32(a) and 43(a) of the Lanham Act, 15 U.S.C. § 1114(a) and 15 U.S.C. § 1125(a), under the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801 *et seq.*, under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under 28 U.S.C. §§ 1331, 1337 and 1338.  The Court has ancillary jurisdiction over the pendant state claims.

6. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and because the parties to this action are diverse.

7. Defendant, W and Sons' principal place of business is in this district and the individual Defendant resides in this district.  Further, the events or omissions giving rise to the claims made in this Complaint occurred in this district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. On or about November 5, 2009, Getty Petroleum Marketing Inc. ("Getty") entered into a franchise relationship with W and Sons through which W and Sons agreed to purchase

3

gasoline from LUKOIL and distribute LUKOIL-branded products for resale at three service station outlets owned and operated by W and Sons.

9. The three service station outlets are located at: 250 Route 73, West Berlin, NJ 08091 (the "West Berlin Station"); 100 Delsea Drive, Glassboro, NJ 08028 (the "Glassboro Station"); and 201 White Horse Pike, Berlin, NJ 08009 (the "Berlin Station") (collectively, the "Stations").

10. The franchise relationship between Getty and W and Sons for each of the Stations was embodied in a PMPA Motor Fuels Franchise Agreement (the "Franchise Agreement"), a Branding and Product Purchase Commitment Agreement (the "Branding Agreement") and ancillary agreements for each Station (collectively, the "Agreements"). The term of the Agreements was from November 12, 2009 through November 11, 2024.

11. For each of the Agreements, LUKOIL is successor by assignment to Getty.

12. Pursuant to Article I of the three Franchise Agreements, subject to the terms and conditions of the Franchise Agreements and W and Sons' good faith performance, LUKOIL granted W and Sons a license and franchise to establish and

4

operate a LUKOIL-branded service station utilizing the LUKOIL trademarks and LUKOIL Proprietary Marks[1] at each of the Stations.

13. Pursuant to Article 2 of the three Branding Agreements, W and Sons agreed to a Brand Covenant that restricted and prohibited each of the Stations from being used in a way other than agreed upon in the aforementioned Article. The terms of Article 2 of the Branding Agreements were incorporated into the Franchise Agreements by Article II of the Franchise Agreements.

14. Pursuant to Section 2.1(b) of the three Branding Agreements, the Brand Covenant survived the Closing Date and was recorded in the deed conveying title to each of the Stations to W and Sons.

15. Pursuant to Section 2.1(c) of the three Branding Agreements, a breach of the Brand Covenant would result in a Brand Covenant Payment to be made by W and Sons to LUKOIL.

16. Pursuant to Section 2.4 of the three Branding Agreements, LUKOIL and W and Sons agreed that, in the event of a breach of the Brand Covenant, payment of the Brand Covenant Payment pursuant to Section 2.1 of the Branding Agreements constitutes liquidated damages.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning attributed to such terms in the respective Agreements.

17. Pursuant to Article II of the three Franchise Agreements and Article 3 of the three Branding Agreements, W and Sons agreed to purchase a minimum amount of Contract Volume for each of the Stations, from LUKOIL. The Contract Volume for each of the Stations are as follows:

    (a)   West Berlin Station – 474,075 gallons annually;

    (b)   Glassboro Station – 499,134 gallons annually;

    (c)   Berlin Station – 568,146 gallons annually.

18. Pursuant to Section 3.2 of the three Branding Agreements, LUKOIL and W and Sons agreed that, in event W and Sons failed to purchase the Contract Volume for a Station, W and Sons shall pay a Contract Volume Payment to LUKOIL.

19. Pursuant to Section 3.3 of the three Branding Agreements, LUKOIL and W and Sons agreed that payment of the Contract Volume Payment pursuant to Section 3.2 constitutes liquidated damages.

20. Pursuant to Section 2.1 of the three Franchise Agreements, all quantities of Contract Volume specified in the Branding Agreements shall be purchased from LUKOIL.

21. Article VII of the three Franchise Agreements sets forth the requirements for use of LUKOIL Proprietary Marks. LUKOIL retained the right, at all times, to control the nature and quality of the motor fuel products in connection with which the LUKOIL-branded trademark are used and W and Sons shall not

6

use the LUKOIL-branded trademark in connection with any motor fuel products other than products designated as LUKOIL-branded motor fuel products by and purchased from LUKOIL.

22. In Section 14.6 of the Addendum to the PMPA Franchise Agreement, W and Sons specifically acknowledged "the significance of each term and condition in the [Agreements] as being reasonable and materially significant to the [franchise relationship]."

23. On or about November 11, 2009, Wazir Grewal executed a Key Individual Guaranty for each of the three Stations in which Wazir Grewal guaranteed all obligations of W and Sons under the Agreements, including, but not limited to, any and all Brand Covenant Payments and Contract Volume Payments.

24. On or about November 7, 2013, LUKOIL sent via certified mail written correspondence to Defendants concerning each of the three Stations. The correspondence advised Defendants that W and Sons failed to purchase the required Contract Volumes and failed to purchase motor fuel only from LUKOIL directly. Each letter demanded that W and Sons immediately purchase LUKOIL-branded motor fuel only from LUKOIL directly, at the minimum quantities required under the Agreements, and market those products at the Stations. The letters warned W and Sons that failure to comply was a

substantial violation of the Agreements and may result in termination of the franchise.

25. By letters dated February 5, 2014, LUKOIL informed Defendants that W and Sons had failed and refused to purchase motor fuel from LUKOIL from at least June 18, 2013 to February 5, 2014 for the Berlin Station and the West Berlin Station. Referring to the prior warning provided via letters dated November 7, 2013, LUKOIL informed W and Sons that the franchise relationship, Franchise Agreements, Branding Agreements and any other ancillary agreements were terminated, effective May 6, 2014.

26. By letter dated February 5, 2014, LUKOIL informed Defendants that W and Sons had failed and refused to purchase motor fuel from LUKOIL from at least June 19, 2013 to February 5, 2014 for the Glassboro Station. Referring to the prior warning provided via letter dated November 7, 2013, LUKOIL informed W and Sons that the franchise relationship, Franchise Agreements, and any ancillary agreements were terminated, effective May 6, 2014.

27. Since June 18, 2013, W and Sons has failed to purchase any LUKOIL-branded gasoline for the Berlin Station and West Berlin Station. Since June 19, 2013, W and Sons has failed to purchase any LUKOIL-branded gasoline for the Glassboro Station.

28. By letters dated May 7, 2014, LUKOIL demanded the return of all LUKOIL trademarks from each of the Stations within seven (7) days of the date of the letter. W and Sons has not complied with this demand.

29. By certified letters dated June 4, 2014, LUKOIL again notified Defendants of W and Sons' failure to comply with the Agreements and of the subsequent termination of the franchise relationship, effective May 6, 2014. LUKOIL demanded payment for damages identified to date resulting from W and Sons' breach of Brand Covenant and Contract Volumes and demanded that W and Sons immediately cease and desist from all misbranding and misuse of the LUKOIL trade name and trademarks.

30. W and Sons continues to operate each of the Stations as LUKOIL-branded service stations and sells gasoline to retail customers under the LUKOIL brand despite LUKOIL's valid termination of the franchise relationship, Franchise Agreements, and any ancillary agreements.

31. By failing to cease all use of LUKOIL Proprietary Marks and any color scheme, trade dress, service marks, logos, slogans, and advertising as defined in the Franchise Agreements, as well as failing to remove and return any LUKOIL signs or trademarks owned by LUKOIL, W and Sons has violated, inter alia, Sections 7.1(j) and (k) of the Franchise Agreements.

## COUNT I

### (Violation of the Lanham Act)

32. LUKOIL repeats and incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth at length herein.

33. LUKOIL is the owner of numerous registrations issued by the United States Patent and Trademark Office covering various LUKOIL trademarks and trade names and the LUKOIL emblem.

34. In the Agreements, LUKOIL agreed to sell gasoline and other motor fuel products to W and Sons, and to permit W and Sons to use LUKOIL's trade name, trademarks and other LUKOIL Proprietary Marks in connection with the sale of those products to the public for the term of the Agreements.

35. Upon the termination of the Agreements, LUKOIL's consent and W and Sons' license to use LUKOIL's trade name and trademarks were automatically terminated.

36. Since the termination of the Agreements, W and Sons has continued to sell and offer for sale, products and services through the use of LUKOIL's trade name and trademarks.

37. Upon information and belief, W and Sons has been purchasing third-party gasoline and selling it to retail consumers under the LUKOIL brand.

38. W and Sons' knowing and unauthorized use of LUKOIL's trade name and trademarks in connection with its operations of

the Stations after termination of the Branding Agreements, is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of W and Sons with LUKOIL, and as to the origin, sponsorship, or approval of its goods and services.

39. The marketing activities of W and Sons constitute trade name and trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a).

40. By virtue of the aforementioned acts of trade name and trademark infringement committed by W and Sons, LUKOIL has suffered, and will continue to suffer, damages and irreparable harm.

41. LUKOIL is without an adequate remedy at law.

**WHEREFORE**, Plaintiff, LUKOIL North America LLC, demands judgment against Defendants, W and Sons Fuel Inc. and Wazir Grewal as follows:

    (a) Preliminarily and permanently enjoining and restraining Defendants, their agents, servants and employees, and all those in active concert or participation with them, from using the name "LUKOIL" or any of LUKOIL's trademarks in the advertisement, sale or distribution of any products;

    (b) For damages suffered by LUKOIL and for treble damages;

    (c) Ordering Defendants to account for and pay to LUKOIL all profits realized by Defendants by reason of the acts of which LUKOIL has complained;

    (d)    Ordering Defendants to pay the costs incurred by LUKOIL in connection with this action, including all court costs, expenses and reasonable attorneys' fees as provided for in the Agreements, and otherwise by law; and

    (e)    Ordering such other and further relief as the Court deems just, necessary and proper.

## COUNT II

### (Federal Unfair Competition)

42. LUKOIL repeats and incorporates the allegations of paragraphs 1 through 41 of this Complaint as if fully set forth at length herein.

43. W and Sons has knowingly and willfully used LUKOIL's trade name and trademarks in connection with the operation of the Stations, after the effective date of the termination of the Agreements and license to use such trade name and trademarks, thus falsely representing to the public that it is conducting business as an authorized dealer of LUKOIL products.

44. The aforesaid acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. By virtue of W and Sons' aforementioned acts, LUKOIL has suffered, and will continue to suffer, damages and irreparable harm.

46. LUKOIL is without an adequate remedy of law.

**WHEREFORE**, Plaintiff, LUKOIL North America LLC, demands judgment against Defendants, W and Sons Fuel Inc. and Wazir Grewal as follows:

(a) Preliminarily and permanently enjoining and restraining Defendants, their agents, servants and employees, and all those in active concert or participation with them, from using the name "LUKOIL" or any of LUKOIL's trademarks in the advertisement, sale or distribution of any products;

(b) For damages suffered by LUKOIL and for treble damages;

(c) Ordering Defendants to account for and pay to LUKOIL all profits realized by Defendants by reason of the acts of which LUKOIL has complained;

(d) Ordering Defendants to pay the costs incurred by LUKOIL in connection with this action, including all court costs, expenses and reasonable attorneys' fees as provided for in the Agreements, and otherwise by law; and

(e) Ordering such other and further relief as the Court deems just, necessary and proper.

### COUNT III

### (State Unfair Competition)

47. LUKOIL repeats and incorporates the allegations of paragraphs 1 through 46 of this Complaint as if fully set forth at length herein.

48. W and Sons' aforesaid knowing and unauthorized use of LUKOIL's trademarks in connection with their operation of a business after the effective date of termination of their

franchise relationship is likely to cause confusion, or to cause mistake, or to deceive.

49. The aforesaid acts of W and Sons constitute trademark infringement in violation of the common law of the State of New Jersey.

**WHEREFORE**, Plaintiff, LUKOIL North America LLC, demands judgment against Defendants, W and Sons Fuel Inc. and Wazir Grewal as follows:

(a) Preliminarily and permanently enjoining and restraining Defendants, their agents, servants and employees, and all those in active concert or participation with them, from using the name "LUKOIL" or any of LUKOIL's trademarks in the advertisement, sale or distribution of any products;

(b) For damages suffered by LUKOIL and for treble damages;

(c) Ordering Defendants to account for and pay to LUKOIL all profits realized by Defendants by reason of the acts of which LUKOIL has complained;

(d) Ordering Defendants to pay the costs incurred by LUKOIL in connection with this action, including all court costs, expenses and reasonable attorneys' fees as provided for in the Brand and Product Purchase Agreements, and otherwise by law; and

(e) Ordering such other and further relief as the Court deems just, necessary and proper.

## **COUNT IV**

### **(Federal Petroleum Marketing Practices Act)**

50. LUKOIL repeats and incorporates the allegations of paragraphs 1 through 49 of this Complaint as if fully set forth at length herein.

51. W and Sons' failure to pay monies to which LUKOIL is legally entitled and W and Sons' willful misbranding constitute grounds for accelerated termination of the franchise and the franchise relationship between LUKOIL and W and Sons under the Petroleum Marketing Practices Act, 15 U.S.C. § 2802(b)(2)(A), 15 U.S.C. § 2802(b)(2)(B), and 15 U.S.C. § 2802(b)(2)(C).

52. LUKOIL's termination letters, dated February 5, 2014, comply with the requirements of Section 4 of the PMPA, 15 U.S.C. § 2804.  Such notices were posted by certified mail to all Defendants within the period required by the PMPA, specified the intent and grounds for termination and included a copy of the Department of Energy summary of the Petroleum Marketing Practices Act.

53. LUKOIL is expressly authorized under 15 U.S.C. § 2804 to provide an abbreviated notice period for franchise termination because of W and Sons' 1) failure to pay LUKOIL monies to which it is legally entitled; and 2) willful misbranding of motor fuel to the retail consumer.

54. LUKOIL's termination of W and Sons' franchise was lawful under the PMPA.

**WHEREFORE**, Plaintiff, LUKOIL North America LLC demands judgment against Defendants, W and Sons Fuel Inc. and Wazir Grewal as follows:

    (a) Declaring that the termination of its franchise relationship with W and Sons was lawful, proper and effective under the PMPA;

    (b) Declaring that the franchise relationship between LUKOIL and W and Sons and the Agreements terminated as of May 6, 2014;

    (c) For damages suffered by LUKOIL and for treble damages;

    (d) For costs of suit, expenses and reasonable attorneys' fees as provided in the Brand and Product Purchase Agreements; and

    (e) For other such further relief as the Court deems just, necessary and proper.

### COUNT V

### (Possession of LUKOIL Equipment)

55. LUKOIL repeats and incorporates the allegations of paragraphs 1 through 54 of this Complaint as if fully set forth at length herein.

56. Since May 6, 2014, LUKOIL has been entitled to enter the Station properties and possess any equipment, including any signs or other property of LUKOIL made available to W and Sons, and, desiring to possess such property, gave notice to W and Sons of the termination of the Agreements.

57. Although the Agreements terminated on said date, Defendants have refused to remove and cease use of LUKOIL's equipment or allow LUKOIL to remove said equipment.

58. Pursuant to Section 7.3 of Article VII of the Franchise Agreements, signs and identification materials made available for erection at W and Sons' stations remain the property of LUKOIL.

59. By virtue of their aforementioned acts, W and Sons has violated the Agreements, and LUKOIL, therefore, is entitled to possession of the LUKOIL equipment.

**WHEREFORE**, Plaintiff, LUKOIL North America LLC, demands judgment against Defendants, W and Sons Fuel Inc. and Wazir Grewal as follows:

    (a) For removal and cessation of use of LUKOIL signs and equipment in the possession of W and Sons;

    (b) For costs of suit, expenses and reasonable attorneys' fees as provided in the Agreements; and

    (c) For other such further relief as the Court deems just, necessary and proper.

## COUNT VI

### (Breach of Contract)

60. LUKOIL repeats and incorporates the allegations of paragraphs 1 through 59 of this Complaint as if fully set forth at length herein.

61. Defendant, W and Sons, has breached the Agreements with LUKOIL in that it has: (a) failed to pay sums due to LUKOIL in a timely manner; (b) failed to purchase minimum monthly amounts of LUKOIL motor fuels; (c) failed to continue to sell LUKOIL gasoline and other products; (d) willfully misused LUKOIL's trade name, trademarks, and LUKOIL Proprietary Marks; and (e) otherwise continued to operate under LUKOIL's brand and trade name after termination of the Agreements with LUKOIL.

**WHEREFORE**, Plaintiff, LUKOIL North America LLC, demands judgment against Defendants, W and Sons Fuel Inc. and Wazir Grewal as follows:

(a) For all sums due and owing to LUKOIL from Defendants on the book accounts of W and Sons;

(b) For liquidated damages under the Agreements in an amount no less than $625,596.74;

(c) For actual and compensatory damages suffered as a result of W and Sons' breach of the Agreements;

(d) For costs of suit, expenses and reasonable attorneys' fees as provided in the Agreements; and

(e) For other such further relief as the Court deems just, necessary and proper.

### COUNT VII

### (Damages under Key Individual Guaranty)

62. LUKOIL repeats and incorporates the allegations of paragraphs 1 through 61 of this Complaint as if fully set forth at length herein.

63. On November 11, 2009, in consideration of the sale of petroleum products and extension of credit to W and Sons, Wazir Grewal executed a Key Individual Guaranty for each Station in which Wazir Grewal guarantees payment of any and all amounts due for petroleum products heretofore and/or hereafter sold and delivered by LUKOIL to W and Sons.

64. Under the Agreements, W and Sons owes and is indebted to LUKOIL for liquidated damages under the Purchase Agreements in the amount of $625,596.74.

**WHEREFORE**, Plaintiff, LUKOIL North America LLC, demands judgment against Defendants, W and Sons Fuel Inc. and Wazir Grewal as follows:

- (a) For all sums due and owing to LUKOIL from W and Sons on the trade accounts of LUKOIL;
- (b) For liquidated damages under the Agreements in an amount no less than $625,596.74;
- (c) For actual and compensatory damages suffered as a result of W and Sons' breach of the Agreements;
- (d) For costs of suit, expenses and reasonable attorneys' fees as provided in the Agreements; and
- (e) For other such further relief as the Court deems just, necessary and proper.

**NO JURY TRIAL DEMANDED**

         ARCHER & GREINER
         A Professional Corporation
         Attorneys for Plaintiff,
         LUKOIL North America LLC


        BY: */s/Charles J. Dennen*
           CHARLES J. DENNEN, ESQUIRE

DATED: October 24, 2014


**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

 I, Charles J. Dennen, Esquire, counsel for Plaintiff, hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


          */s/Charles J. Dennen*
          CHARLES J. DENNEN

Dated: October 24, 2014